Minshall, J.
The action below was brought by the plaintiffs, Mary P. Gordon and her husband, against Joseph Stewart for the correction of a deed made by them to Stewart, April 18, 1895, on the ground that by the mutual mistake of the parties the description included land not purchased nor intended to be conveyed. The defendant denied that there was any mistake in the deed. The case was heard and decided in the common pleas court in favor of the plaintiff, and the defendant appealed to the circuit court, where it was heard upon the evidence and again decided in favor of the plaintiffs — on the filing, by leave of the court, of an amended petition, conforming, as claimed, the *171 pleading to the facts proved. The entry of the court allowing the filing of an amended petition with its finding of facts is as follows:
“This cause coming for hearing was presented to the court on the pleadings and evidence, and the court on motion of the plaintiff, after the introduction of all the evidence in this case, granted the plaintiffs leave to forthwith amend their petition herein, to conform to the facts proved; and thereupon this cause was submitted to the court on the said amended petition, the answer of the defendant thereto, and the evidence, and was argued by counsel; and the court being fully advised in the premises, find the equities in favor of the plaintiffs.
And find that Mary P. Gordon, on the eighteenth of April, A. D. 1895, was the owner of that part of the west half of the southeast quarter of section two in township three north of range two east, in Paulding county, state of Ohio, lying north of the Maumee river.
That on or about the eighteenth day of April, A. D. 1895, the said plaintiffs, for a valuable consideration, bargained and sold the defendant the following described lands and tenements, to-wit:
The northwest quarter of the southeast quarter of said section two, and eleven acres off of the north side of that part of the southwest quarter of the southeast quarter of said section lying north of the Maumee river, exclusive of that part of said portion of said southwest quarter of said southeast quarter of said section, occupied by the residence of the plaintiff, and yard surrounding the same, and inclosed by the yard fence then surrounding’ and inclosing said residence and its surrounding grounds.
That said grounds surrounding and on which *172 said residence of the plaintiff was situated, is more particularly described as follows, to-wit: Commencing at a point on the east line of the public highway, running north and south along the west line of said half section, as first above described, at a point about a hundred and eighty (180) feet south of the southwest corner of said northwest quarter of the southeast quarter of said section; running thence east one hundred and ninety feet; .thence south one hundred and twenty-seven feet; thence west two hundred feet, and thence north one hundred and thirty-six feet to the place of beginning-.
That in the contract and bargain of sale made by, and between the said plaintiffs and defendant, it was mutually understood and agreed that the said tract of land, on which the plaintiff’s said residence was situate should not b.e included in the land purchased of the plaintiffs by the defendant, and should not be included in the description of the real estate, included in the deed, to be made by the plaintiffs to the defendant for the lands purchased by him of them.
That the plaintiffs afterward, executed and delivered to the defendant, their deed as both they and defendant, thought and understood, conveying the lands above described.
That the defendant soon thereafter went into possession of said lands, except the said residence and grounds above described.
That by the mutual mistake of the plaintiffs and defendant, and through the mistake of the scrivener, who drew said deed, the description in said deed, was as follows, to-wit:
Situated in the township of Crane, county of Paulding, and state of Ohio, and known as being *173 the northwest quarter of the southeast quarter of section number two town three, north, range two east, said county and state, and containing forty acres of land; also eleven acres of land described as follows:
Commencing at a point, eighty rods south of the center of section number two town three north, range two east, said county and state, which is said point of the beginning, running thence east eighty rods, thence south twenty-two rods, thence west eighty rods, thence north twenty-two rods, thence west eighty rods, thence north twenty-two rods to the place of beginning, and contains eleven acres of land, be the same more or less, and included the said tract of land, or parcel of land, on which the said residence of the plaintiffs is situate, and which by the terms of the contract of sale and purchase between the plaintiffs and defendant, was excluded from and not included in the land bargained for by the defendant and sold by the plaintiffs to the defendant.
That said deed is recorded on page 515, of volume 62 of the Deeds Records of Paulding county, Ohio.
That the plaintiffs are still the owners of the remainder of the whole tract out of which said eleven acres were to be taken.
That the plaintiffs on discovering the said mistake in the description in said deed, requested the defendant for a correction of the same, and requested a reconveyance of said residence parcel of land, and offered to convey to the defendant an additional and equal quantity adjacent to the land already conveyed to make the full eleven acres provided for in the contract between the plaintiffs and defendant, if defendant would correct said mistake, by a reconveyance of said reserved res *174 idence tract; but the defendant wholly refused, and still refuses so to do.
It is therefore ordered, adjudged and decreed by the court that the said deed of conveyance be so reformed, as to show a correct description of the said lands sold by the plaintiffs, bargained, sold and agreed to be conveyed to the defendant, and convey to the defendant, eleven acres of land of the north side of the southwest quarter of the southeast quarter of said section two aforesaid described as follows, to-wit:
Commencing at a point eighty rods south of the center of section two in township three north, range two east, in and of the state of Ohio, thence east-eighty rods, then south three hundred and ninety-four feet, thence west eleven hundred and thirty feet, thence north two hundred and fourteen feet, thence west one hundred and ninety feet, and thence north one hundred and eighty feet to the place of beginning.”
The defendant excepted to the finding of the court and made a motion for a new trial, which was overruled and judgment entered, correcting the deed according to the finding, and defendant excepted. He also took a bill'of exceptions which was made a part of the record setting forth all the evidence.
While this court is not required to weigh the evidence in a ease on error and, ordinarily will not do so, yet, where, as in this ease, relief is sought that can only be afforded upon clear and convincing proof, it will do so for the purpose of determining whether the proof was sufficient. Ford v. Osborne, 45 Ohio St., 1.
The evidence in this case fails to disclose that it was a mutual mistake; there was a mistake in this, that the plaintiff and her husband both testify that *175 the eleven acres were to be taken off of the east side of the southwest quarter of the southeast quarter of the section named, and so as not to include the house; the defendant on the other hand testifies that it was to be taken off of the north side, whether it included the house or not. He was not certain at the time whether it included the house. Both parties agreed that whether taken from the east or north side, it was to be in the form of a rectangle. There was no treaty for anything else. The court, however, found with the defendant that it was to be from the north side, and that both parties mutually understood that it was not to include the house; and permitted the petition to be amended so as to support a finding that the eleven acres were to be taken from the north side so as not to include the house. In doing this a tract of eleven acres was described to be taken and deeded by the plaintiff from the north side to the defendant, not, however, in the form of a rectangle — this could not be done and include the required number of acres — but in an irregular form, the south line, instead of being a straight one, from east to west, is a brokén one, so drawn as to leave the house with its yard at the southwest corner, excluded. Instead of a tract of four sides he is given a tract of six sides. Was this a case for reformation? We think not. There was not a mutual mistake as to the precise land to be conveyed. The plaintiff thought it was to be taken from the east side so as not to include the house and lot; the defendant understood that it was to be taken from the north side; as to this the court found with him, but found that he understood that it was not to include the house. And then finding- that thi s could not be done so as to convey the requisite number of *176 acres in the shape understood by both parties, decreed it to be conveyed from, a side, conforming to the understanding of one of the parties, and in a form different from the understanding of both. The doctrine on this subject is accurately stated by Bispham in his work on Equity, section 469. He says: UA person who seeks to rectify a deed on the ground of mistake must establish, in the clearest and most satisfactory manner, that the alleged intention, to which he desires it to be made conformable, continued concurrently, in the minds of all parties, down to the time of its execution; and also must be able to show exactly and precisely the form to which the deed ought to be brought.” He further adds that, “To reform a contract and enforce it in its new shape, calls for a much g-reater exercise of the power of a chancellor than simply to set the transaction aside. Reformation is a much more delicate remedy than rescission. .Hence, in order to justify a decree for a reformation in cases of pure mistake, it is necessary that the mistake should have been mutual.”
It is not competent for a court to determine the contract that should have beer made, and decree its performance. Parties must be left to make their own contracts. The most the court can do, in exercising the power of .reformation, is to clearly ascertain what the contract was, and to correct such mutual errors as have intervened in carrying it into execution. The evidence in the case would, doubtless, have warranted a rescission, had suit been brought for that purpose. It cannot, however, be given here, for ■ the plaintiffs have not asked for such relief, nor placed themselves in a position to be allowed such relief, by restoring, or offering to restore, the defendant to his former *177 position. There was not a syllable of evidence offered by either side, that the eleven acres were to be described in the deed, as found by the court. Evidently the court thought that this should be done to prevent a failure of justice, without considering that the remedy was by rescission, instead of making a reformation that did not conform to the understanding of either party, at the time the contract was made.

Judgment reversed and petition below dismissed.